IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD ALLEN WRIGHT, | : | Civil No. 3:23-CV-713 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN RACHEL THOMPSON, | : | |
| Respondent | : | |

FILED
SCRANTON
MAY 02 2023
PER_____
DEPUTY CLERK

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] (Doc. 1) filed by Ronald Allen Wright ("Wright"), a federal inmate confined at the Federal Correctional Institution, Allenwood-Low, in White Deer, Pennsylvania.[2] The Court has conducted preliminary review and, for the reasons set forth below, has concluded that dismissal of the petition is warranted. See R. GOVERNING § 2254 CASES R. 4, 1(b).[3]

---

[1] Although Wright invokes 28 U.S.C. § 2243, habeas petitions filed in federal court, such as the petition filed by Wright, are governed by 28 U.S.C. § 2241. Under 28 U.S.C. § 2243, the Court has broad power to "summarily hear and determine the facts, and dispose of the matter as law and justice require."

[2] The instant habeas petition is identical to the petition Wright filed in civil action number 3:23-CV-589. See Wright v. Thompson, No. 23-CV-589 (M.D. Pa.). By Memorandum and Order dated April 11, 2023, the Court summarily dismissed the petition in case number 3:23-CV-589. Id, Docs. 5, 6. As the instant petition is identical to the one previously considered and dismissed by the Court, the present petition will be dismissed for precisely the same reasons.

[3] See R. GOVERNING § 2254 CASES R. 4, which provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. Id. at R. 1(b).

## I. Background

In the habeas petition, Wright asserts that "[t]he Defendant does not have a Certificate of Authority to show that they have the authority to hold any man or wom[a]n in custody as a prisoner at their place of business." (Doc. 1, p. 2). He maintains that "[a]t no time, did [he] willingly or knowingly sign[] a contract with the United States" to enter their place of business as a prisoner. (*Id.*). Because Wright never signed a contract, he believes that he is entitled to "automatic release from the Defendant's place of business." (*Id.* at pp. 2-3).

## II. Discussion

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 45, 494 (1973). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (quoting Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv.L.Rev. 1551, 1553 (2001)). Habeas corpus petitions brought under § 2241 are subject to summary dismissal if, to the

2

court entertaining the application, "it appears from the application that the applicant or person detained is not entitled" to habeas relief. 28 U.S.C. § 2243.

Wright characterizes the laws of the United States as contracts between the government and the litigant. *See Roche v. Attorney Gen.*, 420 F. App'x 124, 125 & n.2 (3d Cir. 2011) (*per curiam*) (noting that the "sovereign citizen" litigant elected to present the district court's dismissal of his petition as a "contract" between the court and the litigant). He appears to contend that Respondent and the Court lack jurisdiction over him based on a "sovereign citizen" or "redemptionist" theory of some sort. *See Smithson v. York Cnty. Ct. of Common Pleas*, Civil No. 1:15-CV-1794, 2016 WL 4521854, at *1 n.1 (M.D. Pa. Aug. 3, 2016) (discussing hallmarks of specious "redemptionist" or "sovereign citizen" claims, including characterization of laws of general applicability and court rulings as "contracts" between the government and the litigant). These arguments are patently frivolous. *See Cruse v. Boey*, Case No. 15-CV-302, 2015 WL 1726639, at *2 (S.D. Ill. Apr. 13, 2015) (dismissing § 2241 petitioner's "foreign state" immunity argument as frivolous); *Cofield v. United States*, Civil No. 14-CV-2637, 2014 WL 1745018, at *2 (D.N.J. Apr. 30, 2014) (characterizing § 2241 claims based on redemptionist/sovereign-citizen beliefs as an abuse of the writ). Accordingly, the petition will be summarily dismissed.

## III.   Conclusion

For the reasons set forth above, the Court will dismiss the petition for writ of habeas corpus.  A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: May ___, 2023